UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON CDCR #BL4345,<br><br>                                      Plaintiff,<br><br>vs.<br><br>GALVAN NEWSOM, XAVIER BECERRA, ARTURO RODRIGUEZ,<br><br>                                      Defendants. | Case No.: 3:20-cv-02510-WQH-RBM<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g)** [ECF No. 2]<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, William Cecil Thornton, currently incarcerated at the California Institute for Men ("CIM") located in Chino, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)  Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") (*See* ECF No. 2).

///

///

///

///

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether

the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When … presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido,* 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.   Discussion

The Court has reviewed Plaintiff's Complaint and finds it contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records*, see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of its own docket and other court proceedings available on PACER, the Court finds that Plaintiff William Cecil Thornton, identified as CDCR Inmate #BL4345, while incarcerated, has had three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1) *Thornton v. Neotti, et al.*, S. D. Cal. Civil Case No. 3:10-cv-1677-LAB-BGS (S.D. Cal. January 3, 2011 Order Dismissing Second Amended Complaint for Failing to State a Claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)) (ECF Doc. No. 13); and (May 17, 2012 Mandate of USCA affirming the decision of the USDC) (ECF Doc. No. 22) (strike one);

2) *Thornton v. Cate, et al.*, S. D. Cal. Civil Case No. 3:10-cv-1585-JLS-PCL (S.D. Cal. June 28, 2011 Order Sua Sponte Dismissing Second Amended Complaint for Failing to State a Claim pursuant to 28U.S.C. §§ 1915(e)(2) & 1915A(b)) (ECF Doc. No. 30); and (Dec. 16, 2011 Order of USCA dismissing appeal pursuant to Ninth Circuit Rule 42-1) (ECF Doc. No. 38) (strike two);

3) *Thornton v. Cavalin, et al.*, S.D. Cal. Civil Case No. 3:11-cv-0108-BEN-CAB (S.D. Cal. July 19, 2011 Order Dismissing First Amended Complaint as Frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)) (ECF Doc. No. 7); and (Dec. 13, 2011 Order of USCA dismissing appeal pursuant to Ninth Circuit Rule 42-1) (ECF Doc. No. 13) (strike three);

4) *Thornton v. Cavalin, et al.*, S.D. Cal. Civil Case No. 3:11-cv-2309-MMA-PCL (S.D. Cal. Jan. 9, 2012 Order Granting Motion to Proceed In Forma Pauperis and Dismissing Complaint as Frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)) (ECF Doc. No. 3); (April 11, 2012 Order of USCA finding appeal frivolous and directing appellate to pay $455 fee or face dismissal for failing to prosecute) (ECF Doc. No. 9); and (May 10, 2012 Order of USCA dismissing appeal pursuant to Ninth Circuit Rule 42-1) (ECF Doc. No. 12) (strikes four and five); and

5) *Thornton v. Deddeh*, S.D. Cal. Civil Case No. 3:11-cv-2401-LAB-KSC (S.D. Cal. Jan. 17, 2012 Order Granting Motion to Proceed In Forma Pauperis and Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A (b)) (ECF Doc. No. 5); (May 10, 2012 Order of USCA finding appeal frivolous and directing appellant to pay $455 fee or face dismissal for

failing to prosecute) (ECF Doc. No. 11); and (June 19, 2012 Order of USCA dismissing appeal pursuant to Ninth Circuit Rule 42-1) (ECF Doc. No. 13) (strikes six and seven).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Conclusion and Orders

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motions to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: February 16, 2021

Hon. William Q. Hayes
United States District Court